IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __19-mc-47-KLM__

In The Matter of

    Establishment Inspection of

    Folium Biosciences, LLC
    615 Wooten Road
    Suite 110
    Colorado Springs, CO 80915

---

**APPLICATION FOR AN ADMINISTRATIVE
INSPECTION WARRANT PURSUANT TO THE
OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970**

---

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

    R. Alexander Acosta, Secretary of Labor, United States Department of Labor, through his undersigned counsel, hereby applies ex parte for the issuance of an administrative inspection warrant pursuant to § 8(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651, et seq.), hereinafter referred to as the Act, and in support of such application alleges upon information and belief as follows:

    1. Folium Biosciences, LLC ("Folium"), operates a hemp manufacturing facility located at 615 Wooten Road, Suite 110, Colorado Springs, CO 80915. Folium uses materials, supplies and equipment manufactured in states other than Colorado and is engaged in a business affecting commerce within the meaning of § 3(3) of the Act, 29 U.S.C. § 652(3). Folium employs approximately twelve (12) employees at the location referred to above, and is an employer within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).

2. Section 5(a) of the Act, 29 U.S.C. § 654(a), requires that an employer engaged in a business affecting commerce "(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees; [and] (2) shall comply with occupational safety and health standards promulgated under this Act." Pursuant to §§ 6(a) and 6(b) of the Act, 29 U.S.C. § 655(a), (b), the Secretary of Labor has promulgated occupational safety and health standards which are applicable to general industry, 29 C.F.R. Part 1910.

3. Section 8(a) of the Act, 29 U.S.C. § 657(a), provides for inspections and investigations to determine compliance with the Act and said regulations as follows:

> Section 8(a). In order to carry out the purposes of this Act, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized-
>
> (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and
>
> (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

4. Advance notice of inspections to be conducted under the Act is prohibited by § 17(f), 29 U.S.C. § 666(f).

5. Under the authority of § 8(g)(2) of the Act to prescribe "regulations dealing with the inspection of an employer's establishment" the Secretary of Labor has promulgated 29 C.F.R. § 1903.4, authorizing the Area Director of the Occupational Safety and Health Administration (OSHA) or his designee to obtain compulsory process to conduct an inspection, including ex parte application for an inspection warrant.

6. The Court has jurisdiction for the ex parte issuance of an administrative inspection warrant under section 8(a) of the Act, 29 U.S.C. § 657(a).  Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816 (1978), Marshall v. W and W Steel Company, Inc., 604 F.2d 1322 (10th Cir. 1979).  Probable cause for the issuance of an administrative warrant under § 8(a) of the Act may be based either upon specific evidence of an existing violation or upon a showing that the proposed inspection is pursuant to an administrative plan containing specific neutral criteria.  Marshall v. Barlow's, Inc., supra, at 436 U.S. 319, 98 S.Ct. 1824; Martin v. International Matex Tank Terminals--Bayonne, 928 F.2d 614, 622 (3d Cir. 1991).

7. To establish "specific evidence" administrative probable cause, the Secretary's warrant application need not establish the level of probable cause required in a criminal setting.  The application need only "provide enough specific evidence to support a reasonable suspicion that an OSHA violation is occurring."  In re Establishment Inspection of Midwest Instruments Co., 900 F.2d 1150, 1154 (7th Cir. 1990).  See also International Matex Tank Terminals, infra, 928 F.2d at 624-625; West Point-Pepperell, Inc., 689 F.2d 950, 958 (11th Cir. 1982); Marshall v. Horn Seed Co., 647 F.2d 96, 102 (10th Cir. 1981); Donovan v. Blue Ridge Pressure Castings, Inc., 543 F.Supp. 53, 58 (M.D. Pa. 1981).

8. OSHA has received evidence supporting a reasonable suspicion that one or more OSHA violations are occurring.  The accompanying declaration of David Nelson, Area Director of the Englewood Area Office of the Occupational Safety and Health Administration (OSHA), describes the evidence received by OSHA as follows:

> [4.]  OSHA's Englewood Area Office received a complaint from an individual who provided his or her name and stated he or she was currently or formerly employed at Folium Biosciences, LLC ("Folium"), 615 Wooten Road, Suite 110, Colorado Springs, CO 80915 (the "Facility").  The complaint alleged several serious safety hazards and/or violations at the Facility.  Specifically, the complaint alleges that employees of Folium are exposed to the following unsafe conditions:

(a)  Employees are exposed to fall hazards due to the removal of a railing during material hoisting.

(b)  Employees are potentially exposed to overhead hazards but do not wear head protection when loading and unloading the KRAKEN CO2 machine.

(c)  Employees are exposed to trip hazards due to uncovered holes, approximately 3-inches diameter, in walking-working surfaces.

(d)  Employees are exposed to emergency egress hazards, such as, but not limited to, blocked emergency exits, a lack of training on emergency egress routes, a lack of posting of emergency exit routes, and emergency exit routes that lead through high-hazard areas.  These conditions could prevent employees from exiting the facility in a safe and expeditious manner in the event of a fire or other emergency.

(e) Employees are potentially exposed to fire hazards due to the lack of a fire prevention plan.

(f)  Employees are exposed to fire and explosion hazards due to a lack of training on the handling, storage, and use of compressed gas cylinders.

(g)  Employees are exposed to chemical and fire hazards due to inadequate storage, handling, use, and clean-up of flammable liquids, such as hexane.

(h)  Employees are exposed to chemical hazards due to skin contact with chemical irritants, such as hexane, because of the absence of a written personal protective equipment ("PPE") assessment and a lack of enforcement of PPE use.

(i)  Employees are exposed to respiratory hazards, such as hexane, because of an inadequate respiratory protection program, lack of training on the use, storage, and maintenance of respirators, and a lack of adequate respiratory protection suited to the hazards of the workplace.

(j)  Employees are exposed to confined space hazards when working in the ROTO room.

(k)  Employees are exposed to caught-in, crushing, and struck-by hazards due to the unexpected release of hazardous energy because of the lack of a lock-out/tag-out program.

(l)  Employees are potentially exposed to chemicals, such as hexane, over the permissible exposure limits of those chemicals.

(m)  Employees are exposed to chemical hazards due to the lack of an adequate written hazard communication program, including employee training on the hazards of the chemicals with which they work, controls in place to protect employees, and the health effects of the chemicals with which they work.

A redacted copy of the complaint is attached as Exhibit A.

[5.] The complaint was processed pursuant to OSHA internal directive CPL 2.103, which establishes complaint policies and procedures, as well as the Englewood Area Office's internal complaint procedures. The above mentioned hazards may constitute violations of specific OSHA general industry standards, or, alternatively, of 29 U.S.C. § 654(a)(1), which requires employers to furnish employment and a place of employment which are free from recognized hazards that are likely to cause death or serious physical harm to employees.

[6.] On June 3, 2019, Compliance Safety and Health Officer ("CSHO") Mitch Phillips opened the complaint inspection with Folium's associate general counsel, Ricardo Calzada. Mr. Calzada contacted Folium's general counsel, Craig Brand. Mr. Brand was in Los Angeles, California at the time and asked CSHO Phillips to not begin the inspection until he returned from Los Angeles. CSHO Phillips explained that he could not wait that long nor could he reschedule the inspection. Mr. Brand then refused to allow CSHO Phillips to begin the inspection. Mr. Brand asked CSHO Phillips to contact him prior to the CSHO's returning to the Facility. CSHO Phillips explained that he could not do that, either. CSHO Phillips then departed the Facility.

[7.] After my own review, and based on my 26 years of experience in the safety and health field, I find that the complaint furnishes reasonable grounds to believe that violations of mandatory occupational safety and health standards and/or Section 5(a)(1) of the Act exist or existed at the workplace. The violations alleged, if true, could result in a serious accident or illness causing permanent disability or death.

[8.] An administrative inspection warrant is necessary because Folium's general counsel, Craig Brand, required CSHO Phillips to terminate the inspection and leave the Facility on June 3, 2019. An inspection warrant is necessary to obtain entry into the work site without delay as contemplated by the Act. Accordingly, application is hereby made for an administrative inspection warrant that would authorize such inspection.

Declaration of David Nelson ("Nelson Dec.").

9. As Mr. Nelson's declaration states, the foregoing information furnishes reasonable grounds to believe that violations of mandatory occupational safety and health standards and/or Section 5(a)(1) of the Act (29 U.S.C. 654(a)(1)) exist at the Folium workplace. Nelson Dec. at para 7. The inspection for which the Secretary seeks an administrative inspection warrant is necessary to determine the full nature and extent of employee exposure to potentially dangerous conditions at the workplace.

10. An administrative inspection warrant is necessary because Folium's general counsel, Craig Brand, denied OSHA entry on June 3, 2019. An inspection warrant is necessary to obtain entry into the work site without delay as contemplated by the Act. Accordingly, application is hereby made for an administrative inspection warrant that would authorize such inspection.

11. In his declaration, Mr. Nelson further describes the manner in which the proposed inspection will be conducted and its scope. Nelson Dec. at paras. 9-16.

12. Within fifteen (15) days after completion of the requested warrant inspection a return will be made to the Court showing that the inspection ordered therein has been completed.

WHEREFORE, probable cause having been shown, the Secretary of Labor prays that the Court issue a warrant authorizing entry by authorized representatives of the Occupational Safety and Health Administration upon the premises described in paragraph 1 hereof during regular working hours, authorizing them to inspect the places of employment, conditions, and machines specified herein, for the purposes and subject to the limitations stated above. A proposed warrant is submitted herewith, stating with more specificity the scope and objects of the proposed inspection.

Submitted this 3rd day of June 2019.

Kate S. O'Scannlain
Solicitor of Labor

Connie M. Ackermann
Acting Regional Solicitor

John Rainwater
Associate Regional Solicitor

Timothy S. Williams
Counsel for Safety and Health

|  |  |
|---|---|
| Office of the Solicitor | /s/ *Beau Ellis* |
| 1244 Speer Blvd., Suite 515 | Beau Ellis |
| Denver, CO  80204 | Attorney |
| ellis.beau@dol.gov | U. S. Department of Labor |
| 303-844-1752 | Attorneys for the Secretary of Labor |

7