IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __19-mc-47-KLM__

In The Matter of

    Establishment Inspection of:

    Folium Biosciences, LLC
    615 Wooten Road
    Suite 110
    Colorado Springs, CO 80915

___

**DECLARATION OF DAVID NELSON**

___

    I, David Nelson, hereby depose and state as follows:

    1. I am the Area Director in the Englewood Area Office of the Occupational Safety and Health Administration (OSHA), United States Department of Labor, where I am responsible for the supervision of occupational safety and health inspections and for the enforcement of safety and health standards promulgated under the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq.) within the State of Colorado.

    2. Section 8(a) of said Act and 29 C.F.R. § 1903.3 authorize compliance safety and health officers of the Department of Labor to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment, and all pertinent conditions, structures, machines, apparatus, devices, equipment and materials therein; to question privately any employee, owner, operator, agent or employer; to take photographs, videotapes, measurements and environmental samples; and to review records required by the Act and regulations, and other records which are directly related to the purpose of the inspection.

    3. The purpose of such inspections under the Act is to determine whether a specific employer is covered by the Act and, if so, whether the employer is in compliance with the applicable provisions of the Act, the occupational safety and health standards promulgated under the Act and the rules, regulations and orders issued pursuant to the Act.

    4. OSHA's Englewood Area Office received a complaint from an individual who provided his or her name and stated he or she was currently or formerly employed at Folium Biosciences, LLC ("Folium"), 615 Wooten Road, Suite 110, Colorado Springs, CO 80915 (the "Facility"). The complaint alleged several serious safety hazards and/or violations at the Facility. Specifically, the complaint alleges that employees of Folium are exposed to the following unsafe

conditions:

 (a)  Employees are exposed to fall hazards due to the removal of a railing during material hoisting.

 (b)  Employees are potentially exposed to overhead hazards but do not wear head protection when loading and unloading the KRAKEN CO2 machine.

 (c)  Employees are exposed to trip hazards due to uncovered holes, approximately 3-inches diameter, in walking-working surfaces.

 (d)  Employees are exposed to emergency egress hazards, such as, but not limited to, blocked emergency exits, a lack of training on emergency egress routes, a lack of posting of emergency exit routes, and emergency exit routes that lead through high-hazard areas.  These conditions could prevent employees from exiting the facility in a safe and expeditious manner in the event of a fire or other emergency.

 (e)  Employees are potentially exposed to fire hazards due to the lack of a fire prevention plan.

 (f)  Employees are exposed to fire and explosion hazards due to a lack of training on the handling, storage, and use of compressed gas cylinders.

 (g)  Employees are exposed to chemical and fire hazards due to inadequate storage, handling, use, and clean-up of flammable liquids, such as hexane.

 (h)  Employees are exposed to chemical hazards due to skin contact with chemical irritants, such as hexane, because of the absence of a written personal protective equipment ("PPE") assessment and a lack of enforcement of PPE use.

 (i)  Employees are exposed to respiratory hazards, such as hexane, because of an inadequate respiratory protection program, lack of training on the use, storage, and maintenance of respirators, and a lack of adequate respiratory protection suited to the hazards of the workplace.

 (j)  Employees are exposed to confined space hazards when working in the ROTO room.

 (k)  Employees are exposed to caught-in, crushing, and struck-by hazards due to the unexpected release of hazardous energy because of the lack of a lock-out/tag-out program.

 (l)  Employees are potentially exposed to chemicals, such as hexane, over the permissible exposure limits of those chemicals.

 (m)  Employees are exposed to chemical hazards due to the lack of an adequate written hazard communication program, including employee training on the hazards

>of the chemicals with which they work, controls in place to protect employees, and the health effects of the chemicals with which they work.

A redacted copy of the complaint is attached as Exhibit A.

5. The complaint was processed pursuant to OSHA internal directive CPL 2.103, which establishes complaint policies and procedures, as well as the Englewood Area Office's internal complaint procedures. The above mentioned hazards may constitute violations of specific OSHA general industry standards, or, alternatively, of 29 U.S.C. § 654(a)(1), which requires employers to furnish employment and a place of employment which are free from recognized hazards that are likely to cause death or serious physical harm to employees.

6. On June 3, 2019, Compliance Safety and Health Officer ("CSHO") Mitch Phillips opened the complaint inspection with Folium's associate general counsel, Ricardo Calzada. Mr. Calzada contacted Folium's general counsel, Craig Brand. Mr. Brand was in Los Angeles, California at the time and asked CSHO Phillips to not begin the inspection until he returned from Los Angeles. CSHO Phillips explained that he could not wait that long nor could he reschedule the inspection. Mr. Brand then refused to allow CSHO Phillips to begin the inspection. Mr. Brand asked CSHO Phillips to contact him prior to the CSHO's returning to the Facility. CSHO Phillips explained that he could not do that, either. CSHO Phillips then departed the Facility.

7. After my own review, and based on my 26 years of experience in the safety and health field, I find that the complaint furnishes reasonable grounds to believe that violations of mandatory occupational safety and health standards and/or Section 5(a)(1) of the Act exist or existed at the workplace. The violations alleged, if true, could result in a serious accident or illness causing permanent disability or death.

8. An administrative inspection warrant is necessary because Folium's general counsel, Craig Brand, required CSHO Phillips to terminate the inspection and leave the Facility on June 3, 2019. An inspection warrant is necessary to obtain entry into the work site without delay as contemplated by the Act. Accordingly, application is hereby made for an administrative inspection warrant that would authorize such inspection.

9. If such inspection is authorized by the Court, it will required no more than ten (10) inspection days to complete, will be conducted during regular business hours, and will be commenced as soon as practicable after the issuance of the requested warrant.

10. The inspection will be conducted in a reasonable manner and will include only those areas which it is reasonably necessary to inspect in order to adequately evaluate the complaint allegations. The inspection will further be limited to pertinent conditions, structures, machines and materials therein, and any conditions observed in plain view of such areas, and including inspection of only those records that are required by 29 C.F.R. 1904.2 - 1904.7, and such other records which are directly related to the purpose of the inspection.

11. Said inspection will be conducted by no more than two (2) compliance safety and health officers ("CSHOs") of the Occupational Safety and Health Administration who are authorized to conduct inspections and investigations under the Act.

12. The purpose of the proposed inspection shall be to determine whether the employer is subject to OSHA's jurisdiction and whether the employer is furnishing employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm or is complying with the occupational safety and health standards promulgated under the Act and the rules, regulations and orders issued pursuant to the Act.

13. The CSHOs who conduct the inspection will afford an opportunity to representatives of Lone Star, and to representatives authorized by its employees, to accompany them for the purpose of aiding the inspection, pursuant to § 8(e) of the Act, and shall otherwise comply with all regulations applicable to inspections under the Act.

14. Said CSHOs are authorized under the Act and 29 C.F.R. § 1903.7 to take photographs, videotapes and environmental samples, employ other reasonable investigative techniques, and to question privately at the worksite, any employer, owner, operator, agent, or other employees of the establishment.  Such activities will be limited to those necessary to the purpose and scope of this inspection and will be accomplished so as to preclude unreasonable disruption of the operations of the employer's establishment, as required by 29 C.F.R. § 1903.7(d).

15. Any information obtained or observed which the employer identifies as containing or revealing trade secrets will be handled as required by Section 15 of the Act (29 U.S.C. § 664), and by 29 C.F.R. § 1903.9 and 18 U.S.C. § 1905.

16. Occupational hazards which violate the Act or applicable regulations may result in the issuance of imminent danger notices or civil citations requiring their correction and in the imposition of civil penalties under §§ 9, 10, and 13 of the Act.

17. Within fifteen (15) days after completion of the requested warrant inspection a return will be made to the Court showing that the inspection ordered therein has been completed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Signed this 3rd day of June 2019.

_____
David Nelson
Occupational Safety and Health
Administration
U.S. Department of Labor

**EXHIBIT A**

# U.S. Department of Labor
Occupational Safety and Health Administration

## Notice of Alleged Safety or Health Hazards

| | | Complaint Number | 1458669 |
|---|---|---|---|
| Establishment Name | Folium Biosciences, LLC | | |
| Site Address | 615 Wooten Road Suite 110 Colorado Springs, CO 80915 | | |
| | Site Phone | 510-754-8402 | Site FAX |
| Mailing Address | 615 Wooten Road, Suite 110 Colorado Springs, CO 80915 | | |
| Management Official | Jennifer Chaffee | | Telephone |
| Type of Business | | | |
| Primary SIC | | Primary NAICS | 446191 - Food (Health) Supplement Stores |

**HAZARD DESCRIPTION/LOCATION.** Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists.

1.) Employees are potentially exposed to fall hazards due to removal of a guard rail during hoisting of material. While loading and unloading materials to the KRAKEN CO2 machine, employees are leaning through an unguarded opening. Employees are provided personal fall arrest systems, but use of the system is not enforced and employees are not trained. Contrary to 1910.28.

2.) Employees are potentially exposed to struck by hazards due to lack of head protection from falling objects while loading and unloading the KRAKEN CO2 machine. Contrary to 1910.28.

3.) Employees are exposed to fall or trip hazards due to uncovered holes in walking-working surfaces approximately 3" in diameter. Contrary to 1910.29.

4.) Employees are exposed to smoke inhalation and/or fire hazards due to locked emergency exits. Employees are not trained on emergency egress routes, routes are not posted, and intended egress routes lead through high hazard areas. Contrary to 1910.36.

5.) Employees are exposed to smoke inhalation and/or fire hazards due to the lack of a fire prevention plan. Contrary to 1910.39.

6.) Employees are not trained in the handling, storage, and utilization of compressed gas cylinders. Contrary to 1910.101.

7.) Employees are exposed to chemical hazards and fire hazards due to inadequate storage, handling,

use, and cleanup of flammable liquids such as hexane. Contrary to 1910.106.

8.) Employees are exposed to chemical hazards and skin irritants such as hexane due to lack of a written personal protective equipment hazard assessment and enforcement of PPE use. Contrary to 1910.132.

9.) Employees are exposed to respiratory hazards such as hexane due to an inadequate respiratory protection program, lack of training on the storage, use, and maintenance of respirators, and lack of adequate respiratory protection for hazards in the workplace. Contrary to 1910.134.

10.) Employees are potentially exposed to chemical and physical hazards while working in the ROTO Room due to the potential for the ROTO Room to be considered a confined space. Contrary to 1910.146.

11.) Employees are potentially exposed to struck by, crushing, or similar safety hazards due to lack of an adequate hazardous energy control program. Contrary to 1910.147.

12.) Employees are potentially exposed to exposure to chemicals such as hexane above the Permissible Exposure Limit. Contrary to 1910.1000.

13.) Employees are potentially exposed to hazardous chemicals due to lack of an adequate written hazard communication program, training on chemical hazards present in the workplace, controls in place to protect employees from exposure, and the health effects of chemicals used such as hexane. Contrary to 1910.1200.